**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERT P. ALTO; et al., | No. 15-56527 |
| Plaintiffs-Appellants, | D.C. No. 3:11-cv-02276-BAS-BLM |
| v. | |
| SALLY JEWELL, Secretary of Department of Interior; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| SAN PASQUAL BAND OF MISSION INDIANS, | |
| Intervenor. | |

| | |
|---|---|
| ROLAND ALTO, Sr.; et al., | No. 15-56679 |
| Plaintiffs-Appellants, | D.C. No. 3:11-cv-02276-BAS-BLM |
| and | |
| SAN PASQUAL BAND OF MISSION INDIANS, | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Intervenor,

v.

SALLY JEWELL, Secretary of
Department of Interior; et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted September 2, 2016
Pasadena, California

Before:  SILVERMAN, IKUTA, and WATFORD, Circuit Judges.

**1.**  The plaintiffs incorrectly contend that Assistant Secretary Larry Echo Hawk's January 28, 2011, decision approving their disenrollment was precluded by the April 10, 1995, enrollment order issued by then-Assistant Secretary Ada E. Deer.  In an earlier appeal, we held that under Article III, section 2 of the Band's Constitution, Assistant Secretary Echo Hawk had the authority to resolve this enrollment dispute.  *Alto v. Black*, 738 F.3d 1111, 1124 (9th Cir. 2013).  The Band's Constitution expressly incorporates the provisions of 25 C.F.R. Part 48, which govern enrollment decisions for the Band.  *See id.* at 1116.  Part 48 authorizes the disenrollment of Band members whose initial enrollment decision

"was based on information subsequently determined to be inaccurate." 25 C.F.R. § 48.14(d).

The plaintiffs contend that 25 C.F.R. § 48.11 (or its counterpart at 25 C.F.R. § 76.14) rendered Assistant Secretary Deer's decision "final and conclusive" and therefore unreviewable, but that contention lacks merit. Under § 48.11, an enrollment decision by the Assistant Secretary ordinarily will be final and conclusive—unless, under § 48.14(d), new evidence is presented demonstrating that the prior enrollment decision "was based on information subsequently determined to be inaccurate." Here, as explained below, that standard was met. Assistant Secretary Deer predicated her enrollment decision on the assumption that Marcus Alto Sr. was the biological son of Jose and Maria Alto, and the Band's Enrollment Committee submitted new evidence indicating that her assumption was inaccurate. Thus, Assistant Secretary Echo Hawk had the authority under § 48.14(d) to review the prior decision. (Even if the Part 76 regulations applied, as the plaintiffs contend, those regulations also permit the disenrollment of members whose enrollment was based on information subsequently determined to be inaccurate. *See* 25 C.F.R. § 76.4(b).)

**2.** Based on a thorough review of the record, we conclude that Assistant Secretary Echo Hawk's decision approving the plaintiffs' disenrollment was not

"arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

Several documents support the finding that Maria Alto was not Marcus Alto Sr.'s biological mother. The newly submitted 1907 baptismal certificate for Marcus Alto Sr. lists "Benedita Barrios," not Maria Alto, as his mother. Newly submitted affidavits from Band members also support that finding, as does Maria Alto's enrollment application from 1930, which states that she had "no issue."

The evidence presented to Assistant Secretary Echo Hawk likewise supports the finding that Jose Alto was not Marcus Alto Sr.'s biological father. Although the 1907 baptismal certificate lists a "Jose Alto" as Marcus Alto Sr.'s father, Assistant Secretary Echo Hawk reasonably concluded that other evidence was more "telling" as to whether Marcus Alto Sr. was Jose Alto's biological son, in particular, the family's failure to list Marcus Alto Sr. on each of the Band's censuses from 1907 to 1913 while listing Jose Alto's son Frank on each of them. The fact that other families may have omitted some of their biological children from those early censuses did not preclude Assistant Secretary Echo Hawk from affording weight to Marcus Alto Sr.'s omission from the same censuses. Assistant Secretary Echo Hawk also reasonably concluded that two letters from Frank Alto in 1910—which identified Jose, Maria, and Frank as members of the Alto family,

but not Marcus—corroborated his finding that Marcus Alto Sr. was not the biological son of Jose or Maria Alto.

Finally, Assistant Secretary Echo Hawk identified several other documents that support the finding that Marcus Alto Sr. was not a blood member of the Band. They include Dr. Shipek's affidavit in which she stated that each Band elder recalled that Jose and Maria Alto had raised a non-Indian child, and several newly submitted affidavits from Band members stating that Marcus was adopted.

While we acknowledge that there are inconsistencies and inaccuracies in the record, in light of our "highly deferential" standard of review for agency decisions, *see Nw. Ecosystem All. v. U.S. Fish & Wildlife Serv.*, 475 F.3d 1136, 1140 (9th Cir. 2007), we cannot say that Assistant Secretary Echo Hawk's decision was arbitrary, capricious, or an abuse of discretion, 5 U.S.C. § 706(2)(A).

**AFFIRMED.**

The Band's motion for leave to file its amicus brief and the plaintiffs-appellants' motion for judicial notice are GRANTED.